JOSEPH OBERLE, PETITIONER, v. JACK FOGLIANI, WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5192

November 22, 1966 · · · · · · · · · · · · 420 P.2d 251

*Harry E. Claiborne* and *Annette R. Quintana,* of Las Vegas, for Petitioner.

*Harvey Dickerson,* Attorney General, and *George G. Holden,* Deputy Attorney General, of Carson City, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This is an original habeas corpus proceeding challenging the legality of the petitioner's present prison confinement resulting from his conviction by a jury of

grand larceny. He claims that his constitutional right to a speedy trial was violated. Subordinately, he questions the propriety of a jury instruction given at the close of the evidence. He did not appeal from the conviction, nor does he, by this collateral proceeding, raise a due process issue aimed at the fairness of the trial. We have concluded that his habeas application must be denied.

1. The Nevada Constitution does not contain a speedy and public trial provision. The Sixth Amendment to the Federal Constitution does. It reads: "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial." However, this part of the Sixth Amendment has not been extended to state court cases (Gaines v. Washington, 277 U.S. 81 (1927), on public trial; Phillips v. Nash, 311 F.2d 513 (7th Cir. 1962); In re Sawyer's Petition, 229 F.2d 805 (7th Cir. 1956); State v. Squier, 56 Nev. 386, 54 P.2d 227 (1936); Cooper v. State, 196 Kan. 421, 411 P.2d 652 (1966)), because due process, being primarily concerned with the fairness of the trial itself, has not yet been regarded as applicable to pretrial delay.[1] Accordingly, we are not faced with a habeas application bottomed upon a constitutional violation.

2. The right to a speedy trial in Nevada is legislatively given.[2] The "60-day rule" therein prescribed has flexibility. If the defendant is responsible for the delay of trial beyond the 60-day limit, he may not complain. The trial court may give due consideration to the condition of its calendar, other pending cases, public expense, the health of the judge, and the rights of codefendants. State v. Squier, 56 Nev. 386, 54 P.2d 227

---

[1] Of course, other parts of the Sixth Amendment have been extended to state trials. Gideon v. Wainwright, 372 U.S. 335 (1963), right to counsel; Pointer v. Texas, 380 U.S. 400 (1965), right of confrontation.

[2] NRS 178.495 provides: "If a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court shall order the indictment or information to be dismissed, unless good cause to the contrary is shown."

(1936) ; Ex parte Groesbeck, 77 Nev. 412, 365 P.2d 491 (1961). Ex parte Hansen, 79 Nev. 492, 387 P.2d 659 (1963). The burden of showing good cause is upon the prosecution and, if not shown, the accused will be discharged upon timely application. Ex parte Morris, 78 Nev. 123, 369 P.2d 456 (1962).

In the matter at hand an information was filed May 26, 1964. On May 28 counsel was appointed, and on June 2 a not guilty plea was entered. On June 5 the court set the case for trial to commence October 5, 1964. The record does not show an objection to the trial date. On October 5, after the roll of jurors had been called, the prosecutor orally moved for a continuance. His motion was grounded upon the fact that two of the state's witnesses were not available to testify. Subpoenas had been issued for them just 3 days earlier, but had not been served. The court denied a continuance of trial because the prosecutor had not been diligent in taking steps to procure the attendance of the two witnesses. The prosecutor then moved to dismiss the information, which was granted. Defense counsel informed the court that he had not waived the 60-day rule, but would not object to a dismissal. The prosecutor then filed a new complaint charging the defendant with the same crime. On July 14, 1965, trial before a jury in the district court finally occurred.

In an effort to block that trial, defense counsel presented a habeas petition to the district court, based in part upon the unusual and unwarranted delay in bringing his client to trial. About one year and two months had passed since his initial arrest in the spring of 1964. The court denied habeas relief, believing that the subsequent prosecution was not foreclosed in view of the language of NRS 178.520.[3] The defendant did not appeal from the denial of habeas, though that remedy was

[3]NRS 178.520 provides: "An order for the dismissal of the action, as provided in this chapter, shall be a bar to another prosecution for the same offense, if it be a misdemeanor, but it shall not be a bar if the offense charged be a felony."

432

available.[4] NRS 34.380(3). Trial occurred and he was convicted.

Had an appeal been taken from the order denying habeas, we would have ordered the defendant discharged. The statute authorizing a dismissal and providing that another prosecution for the same felony is not barred (NRS 178.520) may not be used as a device to secure the delay of trial. It is apparent from the record before us that the prosecutor was not ready to go to trial on October 5, 1964, and when his request for a continuance was denied, sought to obtain his desired delay by dismissing and recharging the defendant. We abhor such callous disregard of the defendant's rights and would not have allowed it to occur had the matter been presented to us before trial. This was not done. As a consequence, the defendant waived his right to present the same issue collaterally after trial and conviction. Cf. Ex parte Merton, 80 Nev. 435, 395 P.2d 766 (1964), where we stated: "This court is of the opinion that when the legislature amended the habeas corpus statute to provide for an appeal to the supreme court from a denial of the writ by a district judge, this remedy precluded an additional and independent application for a writ of habeas corpus to a justice of the supreme court where no new grounds are asserted and where he did not avail himself of the right of an appeal to this court." This reasoning is especially appropriate when applied to a statutory (as contrasted with constitutional) violation. We hold that the failure of defense counsel to fully protect his client's statutory right to a speedy trial, by appropriate action before trial, precludes post-conviction habeas relief, seeking discharge because of trial delay.[5]

---

[4]NRS 34.380(3) reads: "An applicant who has petitioned the district judge of a judicial district, as provided in this chapter, and whose application for such writ is denied, may appeal to the supreme court from the order and judgment of the district judge or district court refusing to grant the writ or to discharge the applicant, but such appeal shall be taken within 30 days from the day of entry of the order or judgment."

[5]Counsel for petitioner was not his counsel in the lower court.

In line with the tone of this opinion, we strongly recommend that the proper state authority allow the petitioner credit for time served in jail awaiting trial.

3. We noted initially that the petitioner also complains about a jury instruction. The complaint is one that could have been presented by appeal following conviction. Since we do not believe the instruction constitutionally infirm, we decline to consider it now.

The petition is denied and the proceeding is dismissed.

COLLINS, J., and ZENOFF, D. J., concur.