LOUIS MAES, OSCAR MARTINEZ, AND CIPRIANO PAYAN, APPELLANTS, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6109

April 22, 1970          468 P.2d 332

*James D. Santini,* Public Defender, and *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellants.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The issue presented to us is whether the State may file a second criminal complaint against the defendants charging them with the identical offense charged in a prior complaint which was dismissed by the magistrate for failure of the State to show good cause for continuance of a preliminary examination after being given an opportunity to do so. The district court resolved that issue against the defendants-appellants, denied their request for habeas relief, and this appeal followed. For reasons hereafter stated we reverse the district court, grant the petition for habeas and discharge the defendants from restraint.

The defendants were charged with the crime of rape. Following their arrest and upon their appearance in court, the magistrate scheduled a preliminary hearing to commence at 9 a.m. on August 21, 1969. When that time arrived, the prosecutor advised the magistrate that a subpoena had been issued for service upon the prosecutrix, but that she had not been found. He then requested an opportunity to present a motion for continuance with supporting affidavit as required by Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969).[1] The magistrate accommodated the prosecutor and postponed the proceeding until 2 p.m. When the case was called at 2 p.m., the State was not prepared to proceed. Neither did it move for a continuance nor submit the promised supporting affidavit. The defendants moved to dismiss the complaint, and their motion was granted.

Six days later the defendants were again charged with the

---

[1] In Hill, supra, we wrote: "The statute [NRS 171.196(2)] demands that 'good cause' be shown. The reasons underlying D.C.R. 21 are equally appropriate to the continuance of a criminal proceeding in the justice's court. Before a magistrate may decide whether statutory 'good cause' exists, the party seeking a continuance of a preliminary examination upon the ground of the absence of witnesses must prepare and submit to the magistrate an affidavit stating: (a) the names of the absent witnesses and their present residences, if known; (b) the diligence used to procure their attendance; (c) a brief summary of the expected testimony of such witnesses and whether the same facts can be proven by other witnesses; (d) when the affiant first learned that the attendance of such witnesses could not be obtained; and (e) that the motion is made in good faith and not for delay."

identical offense by a second complaint. They immediately petitioned the district court for release via habeas corpus. Their petition was premised on the ground that they had not received a preliminary examination within 15 days from the time they originally appeared before the magistrate on the first complaint [NRS 171.196(2)] and that the State had not shown good cause for its failure to proceed with such preliminary examination.[2] They also called to the attention of the district court our decision in Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966), in which there appears strong dictum that a dismissal may not be used as a device to secure the delay of a hearing. It is true, of course, that in Oberle, supra, the State dismissed and refiled. Here, the dismissal was upon defendants' motion. In each case, however, the State could have protected itself against dismissal and willfully failed to do so.

We must first consider the implications of NRS 178.562(2) which provides that "the discharge of a person accused upon preliminary examination shall be a bar to another complaint against him for the same offense, but shall not bar the finding of an indictment or the filing of an information."

This statute contemplates a dismissal following a preliminary examination where evidence is received and the magistrate has concluded that such evidence is insufficient to hold the accused for trial. In such instance, the statute allows the matter to be presented to a grand jury in an attempt to secure an indictment, or the district attorney to prepare the affidavit mentioned in NRS 173.035(2) and, with leave of court, file an information. The statute thus provides a safety valve against an arbitrary or mistaken decision of the magistrate.

Since a preliminary hearing did not occur in the case at hand, it is contended that the statute does not preclude the filing of a second criminal complaint for the same offense. Although NRS 178.562(2) may not have been intended to bar a second criminal complaint in the circumstances before us, basic fairness does bar such a procedure. A new proceeding for the same offense (whether by complaint, indictment or information) is not allowable when the original proceeding has been dismissed due to the willful failure of the prosecutor to comply with important procedural rules.

Here, the prosecutor requested an opportunity to present a motion for continuance with supporting affidavit as required by

---

[2]NRS 171.196(2) reads: "If the defendant does not waive examination, the magistrate shall hear the evidence within 15 days, unless for good cause shown he extends such time. Unless the defendant waives counsel, reasonable time shall be allowed for counsel to appear."

our decision in Hill v. Sheriff, supra. He was given that opportunity and willfully failed to utilize it. We cannot condone such conduct. Were we to do so, the directives of Hill v. Sheriff, supra, and Oberle v. Fogliani, supra, would be meaningless.

Reversed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.