THE STATE OF NEVADA, Appellant, v.
CURTIS LEE AUSTIN, Respondent

No. 6309

February 26, 1971                    482 P.2d 284

*Robert List,* Attorney General, of Carson City; *Roy A. Woofter,* District Attorney; *Richard D. Weisbart* and *Charles L. Garner,* Deputy District Attorneys, Clark County, for Appellant.

*Harry E. Claiborne,* of Las Vegas, for Respondent.

**OPINION**

*Per Curiam:*

This appeal is from an Order granting a Motion to Dismiss Indictment, made by respondent on the ground that his constitutional right to a speedy trial had been impaired by unwarranted and unreasonable delay in prosecuting him for the offense in question. In the 129 days intervening between the time of the alleged offense and the return of the Indictment, a complaint in justice court contemplating prosecution for the same offense had been dismissed, after repeated procedural derelictions on the part of the State. The magistrate had indulged the State with continuances on three prior occasions, when the State's legal representatives were unprepared to proceed (by reason of such wanton omissions as failure to subpoena witnesses), but the magistrate denied a fourth continuance and granted a motion to dismiss the proceedings, when

the State's representative vaguely suggested she "would like more time" because the State was inexplicably "unable to locate" certain physical evidence that should have been in its possession.

The magistrate's dismissal of these previous justice court proceedings was fully justified, if not compelled, by our determination in Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969), that "good cause" for continuance of a criminal proceeding in the justice's court must be demonstrated by affidavit, as under DCR 21. The district court's subsequent dismissal of the Indictment was fully justified, if not compelled, by our holding in Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970), in which we said: "Although NRS 178.562(2) may not have been intended to bar a second criminal complaint in the circumstances before us, basic fairness does bar such a procedure. A new proceeding for the same offense (whether by complaint, indictment or information) is not allowable when the original proceeding has been dismissed due to the willful failure of the prosecutor to comply with important procedural rules."

The State suggests, in essence, that the facts of the *Maes* case are distinguishable from the facts of the instant case because, in the *Maes* case, the State asked and was allowed time to prepare an affidavit showing good cause for a continuance, but then did not bother to prepare and submit the affidavit; whereas our attention is drawn to the fact that, in the instant case, the State did not even bother to request time to make a showing of good cause. We do not perceive how the State's position is enhanced by this "distinguishing" feature.

The State also suggests that our holding in *Maes* applied only to *"willful"* failures to comply with important procedural rules, which the State construes as meaning *"intentional."* In essence the State contends that, absent a showing of calculated bad faith, the State's legal representatives have an unrestricted right to blunder interminably, which they may exercise by repeated refiling of the same charges, limited only by the applicable statute of limitations. A reading of the *Maes* case, in the light of its facts, should have made it evident that its ruling applies equally to situations where there has been conscious indifference to rules of procedure affecting a defendant's rights.[1]

---

[1] The present incumbent of the District Attorney's office did not occupy that office at the time of the procedural derelictions mentioned herein, or at the time this appeal was initiated.

We can find no error on the part of the lower court in applying the doctrine of the *Maes* case to the facts of the instant one. Affirmed.