ROBERT ARTHUR STOCKTON, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6462

March 2, 1971                                    482 P.2d 285

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

The appellant's petition for a writ of habeas corpus was denied by the district court and he brings this appeal.

A criminal complaint was filed against the appellant on September 16, 1969, charging him with the sale and possession of narcotics. On November 5, 1969, the date set for the preliminary examination, the state verbally moved for a continuance because one of its witnesses was not available to testify. Over the objection of the appellant, the magistrate granted the state's motion and the case was reset for December 11, 1969, with the admonition that if the state was not ready to proceed on that date it would be dismissed.[1]

On December 10, 1969, when it again became apparent to the state that one of its witnesses would be unable to attend

---

[1]The state did not show good cause for the requested continuance by the submission of an affidavit in compliance with DCR 21, which has been made applicable to justice court proceedings. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969); State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971). The appellant might have been entitled to apply for a writ of habeas corpus if the state had willfully disregarded his rights, however, such relief was waived when it was not requested. His objection to the granting, on November 5, 1969, of the state's motion for a continuance did not preserve his right to raise on this appeal, the state's failure to comply with DCR 21. Cf. Oberle v. Fogliani, supra.

the preliminary examination, a written motion for another continuance was filed, along with the required affidavit, and both were served upon counsel for the appellant.

At the hearing on December 11, 1969, the appellant moved for a dismissal upon the ground that the magistrate had previously admonished the state that the case would be dismissed if it was not ready to proceed. However, the magistrate dismissed the proceedings upon his own motion when he discovered that the complaint was defective because it had not been signed or sworn to in compliance with NRS 171.102.[2]

On December 12, 1969, the state filed another complaint against the appellant on the same charges, and on March 5, 1970, the appellant was indicted by the grand jury for those same offenses. The appellant's petition for a writ of habeas corpus followed. On October 13, 1970, the petition was denied.

The appellant contends that his writ application should have been granted because the state had failed to comply with the procedural rules of the justice's court in seeking a continuance for nonavailability of a witness. (See footnote 1, supra.) Relying on Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970), the appellant further argues that the willful failure of the state to comply with such important procedural rules precludes the filing of new proceedings for the same offense, whether by complaint, indictment or information. Such a contention might have been persuasive if urged as grounds for habeas relief after the magistrate ordered a continuation of the first preliminary examination. However, the dismissal of the case at the continued preliminary hearing was upon the magistrate's own motion when he found the complaint to be defective and was not because of the state's willful failure to comply with procedural rules, for at that juncture there was compliance by the state with the requirements of Hill v. Sheriff, supra (footnote 1).

By his failure to raise the issue of a procedural defect by habeas, after the hearing on November 5, 1969, the appellant waived the aegis of Hill v. Sheriff, supra, and the magistrate was not obligated to consider dismissal of the complaint on December 11, 1969, because of the prior procedural inadequacies. The dismissal of the complaint for patent defects was discretionary with the magistrate, and it was not a bar to

---

[2]NRS 171.102: "The complaint is a written statement of the essential facts constituting the public offense charged. It shall be made upon oath before a magistrate or a notary public."

further prosecution. Maes v. Sheriff, supra, is not helpful to the appellant's position, consequently, subsequent proceedings via indictment are permissible. (NRS 178.562(2).)

The district court did not err in denying the appellant's petition for a writ of habeas corpus.

Affirmed.