JOAN ANN DOWNEY, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6729

January 21, 1972                    492 P.2d 989

*Robert G. Legakes,* Public Defender, and *Thomas D. Beatty,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy of Appeals, Clark County, for Respondent.

# OPINION

*Per Curiam:*

The sole issue presented by this appeal is whether or not the appellant is entitled to a writ of habeas corpus discharging her from restraint and prohibiting further prosecution when the state secures a continuance of a scheduled preliminary examination by means of an affidavit[1] containing inaccurate statements of fact.[2] Upon the strength of the state's affidavit, the magistrate granted a two week continuance. The appellant petitioned for a writ of habeas corpus, which was denied, and this appeal followed.

The issue thus presented must be answered in the negative. While the prosecutor was guilty of a lack of diligence in the preparation of the affidavit, this is not a case where a continuance was sought without the required affidavit. Cf. Hill v. Sheriff, supra, and Stockton v. Sheriff, 87 Nev. 94, 482 P.2d 285 (1971). Neither is it a case where the prosecutor willfully disregarded important procedural rules. Cf. Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970). Nor is this a case where the prosecutor exhibited a conscious indifference to rules of procedure affecting the accused's rights. Cf. State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971).

While the affidavit contained inaccuracies, the record does not reveal that either the prosecutor or counsel for the appellant were aware of them at the time the continuance was sought. Because both the motion for a continuance and the supporting affidavit appeared proper on their face, the magistrate was entitled to rely on them. Consequently, the two week continuance which was granted upon the strength of the motion and supporting affidavit was justified, and the district court did not err in denying habeas relief.

Affirmed.

---

[1]As required by DCR 21 and Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969).

[2]While no contention is made that the state intentionally set forth false statements or that the affidavit was made in bad faith, it is conceded that the content of the affidavit was inaccurate due to a failure of the prosecutor to examine all sources of information available to him.