EVERETTE LEONARD GEORGE, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 6898

February 6, 1973                              505 P.2d 1217

*Gary A. Sheerin,* State Public Defender, and *Richard Bennett,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; and *Merlyn H. Hoyt,* District Attorney, White Pine County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Everette L. George was tried to a jury and convicted of attempted murder and of being an ex-felon in possession of a firearm capable of being concealed upon his person.

He seeks reversal of his judgment of conviction upon the sole ground that the trial judge committed reversible error in granting the State's motion for a one-week continuance of his trial date. The case was scheduled for trial on February 1, 1972. On that date the jury was empaneled, and all witnesses were present except one out-of-state witness from Oklahoma, who was unable to appear. The prosecutor so advised the trial judge and moved for a continuance. In his oral motion for the continuance, the prosecutor stated that he had learned one hour before the trial that the witness, who had planned to travel by air from Oklahoma to Nevada, was unable to do so because inclement weather had closed down the airport in

Oklahoma. The trial judge continued the trial until February 7, 1972, one week later. On that date, and just prior to trial, George, through his trial counsel,[1] filed a petition for habeas, seeking his release on the ground that the prosecutor had failed to comply with District Court Rule 21 in presenting his motion for continuance.[2] The trial judge denied the habeas petition, and the case went to trial. George was found guilty as charged.

The prosecutor claims that he did not have sufficient time to comply with the affidavit requirements of Rule 21. However, as counsel for appellant urges on appeal, the prosecutor needed only to be sworn and orally testify to the factual matters that would have been stated in affidavit form were time available to prepare an affidavit as required by the rule. Bustos v. State, 87 Nev. 622, 491 P.2d 1279 (1971). This the prosecutor did not do, and he erred in failing to do so. However, George may not be heard to complain, inasmuch as he did not appeal from

---

[1]Counsel for appellant was not his counsel in the lower court.

[2]*District Court Rule 21. Motions for continuance: Contents, service of affidavits; counter-affidavits; argument.*

"1. All motions for the continuance of causes shall be made on affidavit.

"2. When a motion for the continuance of a cause is made on the ground of absence of witnesses, the affidavit shall state:

"(a) The names of the absent witnesses and their present residences, if known.

"(b) What diligence has been used to procure their attendance or their depositions, and the causes of a failure to procure the same.

"(c) What the affiant has been informed and believes will be the testimony of each of such absent witnesses, and whether or not the same facts can be proven by other witnesses than parties to the suit whose attendance or depositions might have been obtained.

"(d) At what time the applicant first learned that the attendance or depositions of such absent witnesses could not be obtained.

"(e) That the application is made in good faith and not for delay merely.

"3. No continuance will be granted unless the affidavit upon which it is applied for conforms to this rule, except where the continuance is applied for in a mining case upon the special ground provided by NRS 16.020.

"4. Copies of the affidavits upon which a motion for a continuance is made shall be served upon the opposing party as soon as practicable after the cause for the continuance shall be known to the moving party.

"5. Counter-affidavits may be used in opposition to the motion.

"6. No amendments or additions to affidavits for continuance will be allowed after they have been read, and no argument will be heard on motions for a continuance, except such as relate to the sufficiency of the affidavits read on the hearing."

the order below denying habeas.[3] Rather, George was willing to go to trial, and he did so, on February 7, 1972, and he thus waived any procedural defects in the motion and order extending his trial date. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Stockton v. Sheriff, 87 Nev. 94, 482 P.2d 285 (1971). Appellant's judgment of conviction is affirmed.

THOMPSON, C. J., and BATJER, J., concur.

ZENOFF, J., concurring:

I concur. But further, I do not believe appellant has been deprived of his right to a speedy trial in the constitutional sense. Rather, absent a showing of prejudice caused by the one-week delay, this would be a case of no more than harmless error if that issue had been raised.

GUNDERSON, J., concurring:

Seemingly, absent waiver of the error, Justice Mowbray would void appellant's felony convictions because the prosecutor "erred" in failing to be sworn when asking a continuance. Like Justice Zenoff, I cannot agree that without a "waiver" appellant should go free because of the prosecutor's unintentional, nonprejudicial, technical "error." Also, Justice Mowbray suggests one hour is insufficient time to comply with the provisions of DCR 21. I hold a higher view of the prosecutor's capacity.

Obviously, the fundamental message of the instant case could be conveyed with greater clarity, reduced printing cost, and less confusion to the bench and Bar, by affirming appellant's convictions in a brief "per curiam" opinion predicated on Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966).[1] In

---

[3]NRS 34.380, subsection 3:

"3. An applicant who has petitioned the district judge of a judicial district, as provided in this chapter, and whose application for such writ is denied, may appeal to the supreme court from the order and judgment of the district judge or district court refusing to grant the writ or to discharge the applicant, but such appeal shall be taken within 30 days from the day of entry of the order or judgment."

[1]Three sentences would be ample, e.g.:

"PER CURIAM:

"Convicted of attempted murder and of being an ex-felon in possession of a firearm, appellant contends the district court erred in granting the prosecutor's oral motion for continuance, made on the morning appellant originally was to be tried. See: DCR 21.

"Although appellant challenged the continuance by petition for a writ of habeas corpus, he did not attempt to perfect an appeal from the

such a case, so far as I can perceive, a protracted "authored" opinion serves no public purpose.

---

district court's order denying habeas relief, before proceeding to trial. Thus, appellant waived any impropriety in the court's order that granted the continuance. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966)."