JEFFREY JAY VANDERMARK, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7117

March 14, 1973                    507 P.2d 137

*J. Forest Cahlan,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A criminal complaint, filed in the justice court, charged that on May 15, 1971, appellant sold marijuana in violation of NRS 453.030 and NRS 453.210. At the time set for the preliminary examination, the sole witness to be called by the state, a police undercover agent who had made the purchase, although having been served with subpoena on May 17, 1972, failed to appear. The prosecuting attorney reached the undercover agent by telephone and was advised that the subpoena had been forgotten and that it would take an hour to an hour and forty-five minutes for the witness to reach the court.

The prosecuting attorney took the witness stand, and under oath, testified to the above and added that the subpoena had been served nineteen days previously and that he was "surprised" that the witness had not appeared at the designated time.

The magistrate, stating that he was tired of this "casual disregard" of legal process and exasperated with the "cavalier response" to subpoenas, denied the prosecutor's motion to continue the matter until the arrival of the witness and granted appellant's motion to dismiss.

Seventeen days later the police undercover agent testified before the Clark County Grand Jury and appellant was indicted for the identical offense. He then petitioned the district court for pre-trial habeas relief and from a denial of that relief he appeals to this court contending the state is barred from proceeding under the indictment. In support of his contention he argues the state's willful failure to comply with the requirements of Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969) and Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970). He also argues the prosecuting attorney exhibited the "conscious indifference to rules of procedure affecting appellant's rights" we condemned in State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971). We do not agree.

In *Hill* the prosecutor had not caused a subpoena to be

issued and served. There is nothing in this record to suggest the "willful disregard" of the rules that existed in *Maes*. There is nothing in this record to show the "conscious indifference to the rights of the defendant" that was present in *Austin*.

"The problem posed here is one of time. The prosecutor did not learn that the witnesses would not be present until he appeared for the hearing. *Until that moment he had every reason to believe that the subpoena would be obeyed. The prosecutor did not have time to prepare a 'Hill affidavit' in support of his request for a continuance. In these circumstances the prosecutor need only be sworn and orally testify to the same factual matters that would be stated in affidavit form were time available to prepare one."* [Emphasis added.] Bustos v. Sheriff, 87 Nev. 622, 624, 491 P.2d 1279, 1280–1281 (1971).

In this case the prosecutor's testimony substantially complied with the required "Hill affidavit" and justified the district court's determination that the state had not exhibited conscious indifference to appellant's rights.

Affirmed.