TERRY LEE PHILLIPS, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9729

June 15, 1977                    565 P.2d 330

*Howard Ecker,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *J. Michael McGroarty,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, MANOUKIAN, J.:

Pursuant to a True Bill by the Clark County Grand Jury, an indictment was filed charging Terry Lee Phillips, and others, with murder (NRS 200.010; NRS 200.030) and robbery with use of a deadly weapon in the commission of a crime (NRS 200.380; NRS 193.165). The indictment was challenged with a pre-trial petition for a writ of habeas corpus wherein the principal contention was that the district attorney, in prosecuting the case, showed a conscious indifference to Phillips' rights. Appellant also contends that there was inadmissible evidence presented to the grand jury and without such evidence, probable cause evaporates. Both contentions were considered and rejected by the district court and are reasserted in this appeal.

The State originally proceeded against Phillips by criminal complaint. The preliminary examination, first scheduled for December 10, 1976, was continued at the prosecution's

request. The deputy district attorney made a sworn declaration as permitted by Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971), stating that a necessary witness had been subpoenaed but had failed to appear. On December 13, 1976, at the second scheduled preliminary examination, the State was again unable to proceed, having learned in the interim that the absent witness had fled the jurisdiction. The case was dismissed.

Phillips argues that our decision in Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970), requires a dismissal of the indictment because "[a] new proceeding for the same offense . . . is not allowable when the original proceeding has been dismissed due to the willful failure of the prosecutor to comply with important procedural rules." Appellant contends there were two such "willful failures."

First, he argues the inability of the State to proceed to preliminary examination constitutes a violation of DCR 21 and bars any further proceedings. However, the record supports the district judge's determination that the case was originally dismissed, not as a sanction against the State for any "willful failures" to comply with DCR 21, but because the State, after exercising due diligence, was unable to proceed. Therefore, *Maes* is inapposite, and this proceeding on the indictment is permissible. Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969).

Secondly, he contends that since the district attorney was later able to obtain a True Bill without the missing witness's testimony, the witness was never really essential and the *Bustos* declaration was necessarily false. A false *Bustos* declaration, the argument proceeds, evidences a "conscious indifference" to his rights (forbidden by State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971)), and, therefore, this subsequent proceeding is improper. A similar argument was considered and rejected in Egan v. Sheriff, 88 Nev. 611, 503 P.2d 16 (1972). *Cf.* Johnson v. Sheriff, 89 Nev. 304, 511 P.2d 1051 (1973). That the district attorney was able to obtain a True Bill from the grand jury without the testimony of the absent witness does not, by itself, establish that such witness's testimony was unnecessary at the time of the preliminary examination.

In support of his second contention, Phillips argues that inadmissible hearsay statements were presented to the grand jury without it having been instructed as to the foundational

requirements for admissibility. He relies on Highers v. State, 337 P.2d 1112 (Okla.Crim.App. 1959), and Hammers v. State, 337 P.2d 1097 (Okla.Crim.App. 1959), for the proposition that it is mandatory for the grand jury to be correctly instructed on the law by the prosecuting attorney. The cases do not support the proposition. *Highers* and *Hammers* hold that the grand jury *may* request advice on matters of law. This is the law in Nevada as well. Franklin v. State, 89 Nev. 382, 513 P.2d 1252 (1973). However, the cases impose no requirement upon the prosecuting attorney to offer gratuitous explanations of every legal matter that may or may not become relevant to the further prosecution of the case. While it is true NRS 172.-135 requires that only legally admissible evidence be presented to the grand jury, the particular statements in question were dying declarations, which are admissible under NRS 51.335.[1] Therefore, we perceive no error in the presentation of these statements to the grand jury.

Additionally, appellant has proffered the contention that the requirements of NRS 172.155(1)[2] were not met and that the then chief trial judge exceeded his authority in the impanelment of the grand jury. Finally, he challenges the legality of the second Clark County Grand Jury. These ancillary contentions, and such others raised, being without merit, are rejected. *See,* Hardison v. Sheriff, 93 Nev. 64, 560 P.2d 148 (1977).

Affirmed.

BATJER, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.

---

[1]The statute provides: "A statement made by a declarant while believing that his death was imminent is not inadmissible under the hearsay rule if the declarant is unavailable as a witness."

[2]NRS 172.155(1) provides: "The grand jury ought to find an indictment when all the evidence before them, taken together, establishes probable cause to believe that an offense has been committed and that the defendant has committed it."