LEON LUCKETT, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9282

July 27, 1977                                566 P.2d 1129

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The State moved to continue a scheduled preliminary examination since an essential witness was not available. The motion was properly supported by affidavit. DCR 21; Hill v. Sheriff, 85 Nev. 234, 452 P.2d 218 (1964). A continuance was granted.

Luckett petitioned for habeas relief in the district court asserting that the State had failed to show good cause for continuance before the justice court. The district court granted his petition but without prejudice to the right of the State to refile identical charges.

The State did refile. Luckett once more filed a petition for habeas corpus contending that the State was barred from refiling identical charges. His petition was denied, and he has appealed to this Court. We affirm.

The district court ruling on the first petition for habeas corpus is ambiguous. By ruling that the justice of the peace should not have continued the preliminary hearing, that court impliedly found either a willful failure on the part of the prosecutor to comply with important procedural rules (Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970)), or a conscious indifference to them (State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971)). When this occurs, a second prosecution is barred. McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973). On the other hand, when the court granted the State the right to refile identical charges, it impliedly found that the prosecutor had not been guilty of either a willful disregard of important procedural rules or a conscious indifference to them. In such circumstance, a second prosecution is not barred. Stockton v. Sheriff, 87 Nev. 94, 482 P.2d 285 (1971).

Although the district court's order concerning the first petition for habeas corpus is ambiguous, and it is suggested that the only means of insuring justice to the accused is to preclude a refiling of the charges, we hold that, in these circumstances, such refiling is permissible where the prosecutor's conduct does not rise to the aggravated level contemplated by *Maes, Id.*, and *Austin, Id.* The prosecutor had complied with procedural requirements. Consequently, the State may proceed with the charges against Luckett.

Affirmed.