JORGE FRANCO MERCADO, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 11310

December 20, 1978                    587 P.2d 1327

*Bell, Leavitt & Green,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Ernest D. Roark, III,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

An indictment, filed August 16, 1978, charged that on three (3) separate occasions Jorge Franco Mercado feloniously attempted to buy stolen property, violations of NRS 205.275 and NRS 208.070. A prior indictment charging the identical offenses had been dismissed.

A pretrial habeas corpus petition contended (1) the present indictment is impermissible; and, (2) there was insufficient proof of value of the merchandise for the offenses to attain felony status. Habeas was denied and Mercado has appealed.

The initial indictment was dismissed because of inadvertent impropriety in the original grand jury proceeding. The dismissal specifically authorized the district attorney to refile. Mercado has neither suggested nor shown that he was prejudiced by the fact that the charges were submitted to the same grand jury which issued the original indictment. Rather, he erroneously argues that once a charge is dismissed, there are no circumstances that would permit refiling. This is simply not the law.

1. This court has previously held that where, as here, evidence may be reviewed for sufficiency, the danger of a "prejudiced" grand jury is not a problem. Bonnenfant v. State, 86 Nev. 393, 469 P.2d 401 (1970). We have also held that the district attorney is precluded from refiling charges *only* where the dismissal was caused by a willful failure to comply with, or a conscious indifference to, important procedural rules. *See* McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973), and cases cited therein. Here, there are no such circumstances. Where, as here, the district attorney is granted permission to refile, it is implicit that neither of the noted conditions are present. Luckett v. Sheriff, 93 Nev. 429, 566 P.2d 1129 (1977).

2. There is evidence that the property was worth more than $100. Mercado argues that because he did not actually pay over $100 for the property, that the state has failed to demonstrate the specific intent required to establish a *prima facie* felony attempt to receive stolen property. *See* Darnell v. State, 92 Nev. 680, 558 P.2d 624 (1976). We disagree. The criterion for establishing value where the accused is charged with buying

stolen property is the fair market value. *See* Bain v. Sheriff, 88 Nev. 699, 504 P.2d 695 (1972), and cases cited therein. The same test applies to an "attempt." Such value is a factor independent of the intent of any individual buyer; rather, it is the composite of value that would be placed on any object by many hypothetical buyers. Other courts have carefully noted that a distinction must be made between the fair market value of property and the value of property to an individual when making the determination of whether a theft offense is a misdemeanor or a felony. *See, for example,* People v. Pena, 135 Cal. Rptr. 602 (Cal.App. 1977), and cases cited therein. Mercado's argument would allow an individual to set the market value; and, it ignores the realities of the marketplace, particularly the fact that a thief may often be compelled to sell stolen property at far below its market value. In *Pena,* cited above, the court noted that fair market value is the value property "would be sold for in the open market if neither buyer nor seller was under any urgent necessity to either buy or sell. . . ." *Id.* at 603. Here, the record establishes that the property was sold under duress. Therefore, the price paid was not the fair market value and cannot be determinative of whether the offense was a felony or a misdemeanor.

Affirmed.