SHERIFF, WASHOE COUNTY, NEVADA, Appellant
v. JAMES EDDIE MYLES, Respondent.

No. 14312

December 1, 1983                    672 P.2d 639

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Michael Dinning,* Deputy District Attorney, Washoe County, for Appellant.

*Martin H. Wiener,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent Myles was charged by information with one count of robbery and one count of conspiracy. He filed a petition for writ of habeas corpus contending that he was denied his Sixth Amendment right to effective assistance of counsel at his preliminary hearing as a result of his counsel's failure to object to an allegedly erroneous continuance of that hearing. The trial court granted the petition and the sheriff has appealed. We reverse.

A criminal complaint was filed against Myles on November 10, 1981. On November 23, 1981, the date scheduled for the preliminary hearing, the state moved for and was granted a continuance of the hearing until December 9, 1981. On December 7, 1981, an *ex parte* motion for continuance of the December 9th hearing was filed and granted. Finally, the preliminary hearing was held on February 8 and 9, 1982. Probable cause was found and Myles was held to answer on the above-described charges. Myles filed a petition for writ of habeas corpus on May 28, 1982; a supplement to the petition was filed on August 19, 1982, and the matter was heard on August 19 and 20, 1982. The court found that respondent was being illegally detained and granted the petition. It is from that order that the sheriff appeals.

The sheriff contended below that even had Myles been illegally detained as a result of an improper continuance, any illegality in the detention was moot upon the finding of probable cause and bind-over at the preliminary hearing. We agree. "[W]hile a writ of habeas corpus would be available during a

period of illegal detention it will not issue once the detention becomes legal.'' Victoria v. Young, 80 Nev. 279, 283, 392 P.2d 509, 511 (1964), *disapproved on other, unrelated grounds,* Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966); Robertson v. State, 84 Nev. 559, 445 P.2d 352 (1968); *see* McGee v. Sheriff, 86 Nev. 421, 470 P.2d 132 (1970) (refiling of charge after grant of habeas corpus permitted, with exceptions, because illegality of detention cured).

Here, the petition for a writ of habeas corpus was brought after the alleged illegality of the detention had ceased. The preliminary hearing and subsequent bind-over cured any illegality in the detention in this case, and habeas could not lie.[1] We express no opinion as to the propriety of habeas relief on the grounds asserted had the petition been brought during a period of alleged illegal detention.

In light of our decision above, the sheriff's motion for oral argument is denied. The order issuing the writ of habeas corpus is reversed and the information is reinstated.

[1] Although Myles challenged the adequacy of the information in his supplemental petition, this issue was never reached by the trial court and has not, therefore, been reviewed by this court.