SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* MICKIE S. BLACKMORE, aka EDWARD FRED GRUWELL, Respondent.

No. 14074

SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.* JULIAN CAESAR SEPULVEDA and WILLIAM EUGENE JOHNSON, Respondents.

No. 14343

December 19, 1983                    673 P.2d 137

*Robert J. Miller,* District Attorney, *James N. Tufteland,* Deputy District Attorney, Clark County, for Appellant.

*Morgan D. Harris,* Public Defender, *Robert B. Amundson,* Deputy Public Defender, Clark County, for Respondent Mickie S. Blackmore.

*Morgan D. Harris,* Public Defender, *Scott L. Bindrup,* Deputy Public Defender, Clark County, *Monte J. Morris,* Las Vegas, for Respondents Sepulveda and Johnson.

## OPINION

By the Court, SPRINGER, J.:

These two appeals arise from orders granting writs of habeas corpus and dismissing prosecutions because the state was not ready with its witnesses at the times set for preliminary examination.

### Sheriff v. Blackmore, Appeal No. 14074

In *Blackmore* the magistrate denied the state's motion for continuance and dismissed the criminal complaint. Blackmore was then indicted for the same offense. The district court granted habeas corpus and dismissed the indictment.

Under our cases where the magistrate properly dismisses the criminal proceeding at the preliminary examination, and the prosecution has acted in a willful or consciously indifferent manner, further prosecution is barred. *See, e.g.,* McNair v. Sheriff, 89 Nev. 434, 514 P.2d 1175 (1973); State v. Austin, 87 Nev. 81, 482 P.2d 284 (1971); Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970).

In such cases petitioner must show two elements: (1) proper magisterial dismissal and (2) prosecutorial abuse. The record must support the propriety of the magistrate's dismissal of the complaint. In Bustos v. Sheriff, 87 Nev. 622, 491 P.2d 1279 (1971), we stated that a "prosecutor should be prepared to present his case to the magistrate or show good cause for his inability to do so." In the case before us the defense agreed to stipulate to the testimony to be given by an unavailable witness. The magistrate was inclined to go forward on this basis but was advised that the prosecutor had "called off" all of his other witnesses and was not prepared to proceed. Under such circumstances the district court was justified in finding that the magistrate acted properly and within his powers in dismissing the action.

A showing of the second element, that the prosecutor was guilty of willful failure of prosecution or conscious indifference to the rights of the petitioner, does not appear in this

record. There is no finding of prosecutorial misconduct; and this is a matter which must be determined, one way or another, by the district court before a decision can be made in a habeas corpus proceeding of this nature. Because of this defect we remand for findings and determinations relative to this issue.

*Sheriff v. Sepulveda and Johnson, Appeal No. 14343*

A different kind of situation exists in this case. The district court granted habeas corpus because of a claimed abuse of discretion in the magistrate's granting of a continuance of preliminary examination. This was error. The district court does not have jurisdiction to review collaterally discretionary rulings of a magistrate at the preliminary examination stage of a prosecution. The reason for this is that mere discretionary rulings on such matters as the granting of a continuance do not constitute unlawful detention. To permit every ruling of a magistrate at a preliminary examination to be subject to habeas corpus review would be contrary to judicial economy and an abuse of the habeas corpus process.

There are, of course, circumstances at the preliminary examination stage that can give rise to an unlawful detention. For example, in Clark v. Sheriff, 94 Nev. 364, 580 P.2d 472 (1978), we ordered the district court to issue a writ of habeas corpus where the magistrate had acted beyond his authority in granting a continuance in violation of the jurisdictional procedural requirements of *Hill*[1] and *Bustos*.

Another example would be in the case where, at any stage of the proceedings, it could be established that the accused had been denied the right to a speedy trial or had been denied some other fundamental constitutional right. In such a case an unlawful detention would exist, and habeas corpus would lie. No unlawful detention exists in the case of Sepulveda and Johnson. These writs must, accordingly, be quashed.

The orders granting the writs of habeas corpus in the case of Sepulveda and Johnson are reversed and the writs ordered vacated; *Blackmore* is remanded to the district court for findings on the issue of willfulness or conscious indifference on the part of the prosecution and for a decision consistent with such findings.[2]

MANOUKIAN, C. J., and MOWBRAY, STEFFEN, and GUNDERSON, JJ., concur.

---

[1]Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969).

[2]This opinion shall constitute the final disposition of this appeal. If the determination required by this opinion results in an appealable order, a new appeal may be taken.