SHERIFF OF WASHOE COUNTY, STATE OF NEVADA, APPELLANT, *v.* THOMAS FRANKLIN ANDERSON, RESPONDENT.

No. 15769

July 3, 1984                                      683 P.2d 503

[Rehearing denied December 6, 1984]

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, Washoe County, for Appellant.

*David G. Parraguirre,* Public Defender, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a district court order granting a pre-trial writ of habeas corpus. Respondent was charged with one count each of grand larceny and possession of stolen property, and has been incarcerated because of these charges since January 10, 1984. Respondent's preliminary examination was scheduled for March 26, 1984. A motion for continuance was filed by the district attorney on March 6, 1984, supported by an affidavit averring that a key witness would not be available until April 1, 1984. This motion was granted by the justice's court on March 20, 1984. On that date, respondent filed a writ of habeas corpus with the district court. The district court granted the writ of habeas corpus based on its determination that the prosecution "failed in its burden of proof to show good cause for the continuance" of the preliminary hearing. Because the district court exceeded its jurisdiction, we reverse.

If the jurisdictional procedural requirements set forth in Hill v. Sheriff, 85 Nev. 234, 452 P.2d 918 (1969) are met, the district court lacks jurisdiction to review a magistrate's discretionary granting of a continuance at the preliminary hearing stage of a prosecution. Sheriff v. Blackmore, 99 Nev. 827, 673 P.2d 137 (1983). In the present case, the affidavit filed by respondent fully satisfied the *Hill* requirements. The district court merely substituted its judgment for that of the magistrate on a discretionary matter. Accordingly, the district court erred by granting habeas relief based on its review of the magistrate's ruling on the prosecutor's motion for continuance.[1] The order granting habeas is therefore reversed.

---

[1]The habeas petition was filed on March 20, 1984. The preliminary hearing was held, and respondent was bound over for trial, on April 2, 1984. Thereafter, on May 15, 1984, the district court granted the writ. We express no opinion at this time as to whether the grant of habeas relief was improper on the additional ground that the preliminary hearing and subsequent bind-over cured any illegality in the detention in this case. *See* Sheriff v. Myles, 99 Nev. 817, 672 P.2d 639 (1983).