MICHAEL JOHN BARNIER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 38657

April 28, 2003                                              67 P.3d 320

*Steven G. McGuire,* State Public Defender, *James P. Logan,* Chief Deputy Public Defender, and *Susan M. Reaser,* Deputy Public Defender, Carson City, for Appellant.

---

[4]*Restatement (Second) of Agency* § 381 (1958).

[5]*See id.* § 393 cmt. e.

*Brian Sandoval,* Attorney General, Carson City; *Philip H. Dunleavy,* District Attorney, and *Matthew D. Carling,* Deputy District Attorney, Lincoln County, for Respondent.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION

By the Court, MAUPIN, J.:

Michael John Barnier appeals from a judgment of conviction for driving a motor vehicle under the influence of intoxicating liquor (DUI), third offense, a category B felony under Nevada law. We now consider whether failure to instruct DUI trial juries regarding certain factors for determining "actual physical control" of a motor vehicle[2] mandates reversal. Having concluded in the affirmative, we reverse and remand this matter for a new trial.

### FACTUAL BACKGROUND

On May 5, 1999, the Lincoln County Sheriff's Department received information that a male and female couple appearing to be intoxicated had just left a local store in a blue motor vehicle. According to the informant, the female was the driver and the male was the passenger.

Shortly thereafter, Sheriff's Sergeant Maribah Cowley came across a car, matching the description provided by the dispatcher, parked in a "pull-off" area on Nevada State Route 319, approxi-

---

[2]*See Rogers v. State,* 105 Nev. 230, 773 P.2d 1226 (1989).

mately twenty to twenty-five feet from the roadway. As Sergeant Cowley approached, she observed Barnier in the driver seat and a woman on the passenger side of the car relieving herself. Upon examining the driver's side of the vehicle where Barnier was sitting, Sergeant Cowley noticed a strong odor of alcohol. She also observed that the keys were in the ignition and that the automobile's engine was not running. Sergeant Cowley questioned Barnier and administered several field sobriety tests, which Barnier failed. She then arrested Barnier for DUI. Because Barnier sustained three convictions for misdemeanor DUI within the previous seven years, the State charged him with felony DUI.[3]

The trial jury found Barnier guilty of DUI based upon the State's theory that he was in actual physical control of the vehicle.[4] The conviction was enhanced to felony status at sentencing based upon documentation of the three prior misdemeanor convictions.[5] The district court sentenced Barnier to a maximum term of sixty months in the Nevada State Prison with minimum parole eligibility of twenty-four months, a $2,000 fine, a $25 administrative assessment fee, and a $60 forensic fee. Barnier appeals.

## DISCUSSION

NRS 484.379 makes it unlawful for a person "to drive or be in actual physical control of a vehicle" in a public area while intoxicated. Because the vehicle in which Barnier was found was stationary with the ignition in the "off" position, the primary issue at Barnier's trial was whether he was in actual physical control of the vehicle within the meaning of NRS 484.379 and our decisional law interpreting it. In *Rogers v. State,* we concluded that a person, although not driving, is in "actual physical control" of a vehicle when "[he] has existing or present bodily restraint, directing influence, domination, or regulation of the vehicle."[6] We went on to develop the following factors or considerations for triers of fact to weigh in resolving issues concerning actual physical control:

    (1) Where and in what position the person is found in the vehicle;
    (2) Whether the vehicle's engine is running or not;
    (3) Whether the occupant is awake or asleep;

---

[3]*See* NRS 484.3792(1)(c).

[4]*See* NRS 484.379.

[5]*See* NRS 484.3792(1)(c).

[6]105 Nev. at 233, 773 P.2d at 1228 (citing *State v. Ruona,* 321 P.2d 615, 618 (Mont. 1958); *City of Kansas City v. Troutner,* 544 S.W.2d 295, 300 (Mo. Ct. App. 1976); *Hughes v. State,* 535 P.2d 1023, 1024 (Okla. Crim. App. 1975); *Commonwealth v. Kloch,* 327 A.2d 375, 383 (Pa. Super. Ct. 1974); *State v. Bugger,* 483 P.2d 442, 443 (Utah 1971)).

(4) Whether, if the person is apprehended at night, the vehicle's lights are on;[7]

(5) The location of the vehicle's keys;

(6) Whether the person was trying to move the vehicle or moved the vehicle;

(7) Whether the property on which the vehicle is located is public or private; and

(8) Whether the person must, of necessity, have driven to the location where apprehended.[8]

Prior to submission of the case to the jury, Barnier offered a jury instruction on the "actual control" issue that was virtually a verbatim restatement of the *Rogers* factors. The district court, however, refused the proposed instruction and, instead, instructed the jury that it could consider the following control factors:

1) [A]ctive or constructive possession of the ignition keys; 2) the position of the person charged in the driver's seat, behind the steering wheel, and in such a condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move; and 3) a vehicle that is operable to some extent. Actual movement of the vehicle is not required as long as it is reasonably capable of being rendered operable.

Barnier argues that the district court committed reversible error by not instructing the jury on the factors listed in *Rogers* that were relevant to his case. Clearly, the instruction given by the district court omitted several important factors that we will discuss in their turn below.

*Standard of review*

This court evaluates appellate claims concerning jury instructions using a harmless error standard of review.[9] Harmless error, as defined by NRS 178.598, requires that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." With regard to claims of inadequacy of jury instructions, we have stated that, if "a defendant has contested the omitted element [of a criminal offense] and there is sufficient evidence to support a contrary finding, the error [in the instruction] is not harm-

---

[7]This factor did not apply in this instance. Thus, it was unnecessary to any theory of the case presented by either the State or the defense.

[8]*Rogers,* 105 Nev. at 233-34, 773 P.2d at 1228.

[9]*See Wegner v. State,* 116 Nev. 1149, 1155, 14 P.3d 25, 30 (2000) (citing *Collman v. State,* 116 Nev. 687, 722-23, 7 P.3d 426, 447 (2000) (citing *Neder v. United States,* 527 U.S. 1, 13-15 (1999))).

less."[10] However, while " 'the defense has the right to have the jury instructed on its theory of the case as disclosed by the evidence, no matter how weak or incredible that evidence may be,' "[11] a " 'defendant is not entitled to an instruction which incorrectly states the law' "[12] or that "is substantially covered by other instructions."[13]

Barnier's proposed instruction was based upon his theory of the case, correctly stated the law, and was not substantially covered by the other instructions. Thus, because substantial evidence established at trial would have supported a finding in Barnier's favor based upon the omitted *Rogers* factors, we conclude that failure to accept the proposed defense instruction was not harmless.

### *The omitted* Rogers *factors*

One of the omitted *Rogers* factors for jury consideration was whether the vehicle's engine was running. At trial, Sergeant Cowley testified that the car was not running, which would certainly have weighed in favor of Barnier being found not in "actual physical control" of the vehicle.

The second factor omitted from the jury instruction was whether Barnier was trying to move or did move the vehicle. The record shows that Barnier did not move or try to move the vehicle when approached by the police officer. Again, this factor would have weighed in favor of Barnier not being found in "actual physical control" of the vehicle.

The third and final factor omitted was whether Barnier drove the vehicle to the location where he was apprehended. The record indicates that the original informant reported that a woman was driving the vehicle. Additionally, Cynthia Hunter, the woman found at the scene with Barnier, testified that she drove the vehicle to the location where Barnier was apprehended and that she intended to recommence driving after relieving herself. This evidence would likewise have weighed in favor of Barnier not being in actual physical control of the vehicle.

The State argues that this court has not indicated how the *Rogers* factors should be weighed or whether any of the factors are ab-

---

[10]*Id.* at 1156, 14 P.3d at 30 (citing *Neder,* 527 U.S. at 19).

[11]*Vallery v. State,* 118 Nev. 357, 372, 46 P.3d 66, 76-77 (2002) (quoting *Margetts v. State,* 107 Nev. 616, 619, 818 P.2d 392, 394 (1991)); *see also Geary v. State,* 110 Nev. 261, 264-65, 871 P.2d 927, 929 (1994).

[12]*Ducksworth v. State,* 113 Nev. 780, 792, 942 P.2d 157, 165 (1997) (quoting *Geary,* 110 Nev. at 265, 871 P.2d at 929).

[13]*Vallery,* 118 Nev. at 372, 46 P.3d at 77.

solutes. We have, however, reaffirmed the *Rogers* factors in every subsequent opinion in which we have considered the subject of "actual physical control."[14] In *Rogers,* we stated that a spectrum of cases may arise from those where no actual physical control was present because it was clear that the defendant did not drive his vehicle,[15] to those where the defendant must have driven to the location where apprehended and so must have been in actual physical control.[16] The result will differ based on an application of the *Rogers* factors to specific factual situations. We, therefore, leave the proper balancing of those factors to the discretion of triers of fact in individual cases.

## *CONCLUSION*

The district court instructed the jury to resolve the issue of actual physical control by weighing whether there was active or constructive possession of the keys, Barnier's position in the vehicle behind the wheel, whether he was physically capable of operating the vehicle and whether the vehicle was operable. We acknowledge that the factors set forth in the district court's instruction on actual physical control were reasonable.[17] We also acknowledge that a jury could convict Barnier even with proper instructions given pursuant to *Rogers*. However, without mentioning the omitted factors, the instruction given by the district court unduly restricted Barnier's defense and was tantamount to directing a verdict in favor of the State. Accordingly, we cannot conclude that the omission of the three *Rogers* factors constitutes harmless error. We, therefore, hold that the failure in this instance to instruct in accordance with the applicable *Rogers* factors mandates reversal.[18]

---

[14]*See Bullock v. State, Dep't Motor Vehicles,* 105 Nev. 326, 328, 775 P.2d 225, 226 (1989); *Isom v. State,* 105 Nev. 391, 393, 776 P.2d 543, 545 (1989); *State, Dep't of Motor Vehicles v. Torres,* 105 Nev. 558, 561, 779 P.2d 959, 961 (1989).

[15]*E.g.,* where an intoxicated person exits a bar and falls asleep in the back seat of his car located in the parking lot of the bar without starting or driving the vehicle.

[16]*E.g.,* where an intoxicated person drives a vehicle, suffers a flat tire, and is apprehended while outside the vehicle changing the tire.

[17]The *Rogers* factors are not restrictive of considerations that might occur in any individual DUI prosecution.

[18]Barnier additionally seeks reversal based upon the following comment made by the prosecutor: "I have taken an oath to follow the law. The Judge has instructed you that [DUI is] against the law." Barnier claims that this statement was akin to the prosecutor telling the jury that he would not prosecute someone who did not violate the law. Although we cannot conclude that this statement materially affected the verdict, we admonish the district attorney to refrain from this type of rhetoric in the future.

We have also considered Barnier's assignments of error lodged in connection with the validity of his prior misdemeanor convictions and find them to be without merit.

In light of the above, we reverse Barnier's conviction and remand the matter to the district court for a new trial to be conducted in a manner consistent with this opinion.

ROSE and GIBBONS, JJ., concur.