An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARC MCCURDY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61216

FILED

JUN 13 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to a bench trial of felony driving under the influence of intoxicating liquor. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

First, appellant Marc McCurdy contends that insufficient evidence supports his conviction because the State failed to prove that he was in actual physical control of the car. We review the evidence in the light most favorable to the prosecution and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008) (emphasis and internal quotation marks omitted); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Here, the State presented evidence that McCurdy was found asleep in a car behind the steering wheel. The car keys were in the ignition, the engine was running, and the lights were on. The car was parked in a stall at a private parking lot. McCurdy did not try to move the car when he was awakened, failed the

13-17471

horizontal gaze nystagmus test, and had a blood alcohol content of 0.264. We conclude that a rational trier of fact could reasonably infer from this evidence that McCurdy was in actual physical control of the car while under the influence of alcohol. *See* NRS 484A.185 (defining "premises to which the public has access"); NRS 484C.110(1)(c); *Rogers v. State*, 105 Nev. 230, 233-34, 773 P.2d 1226, 1228 (1989) (identifying factors to be weighed when deciding whether someone has actual physical control of a vehicle). It is for the trier of fact to determine the weight and credibility to give conflicting testimony, and its verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992); *see also Barnier v. State*, 119 Nev. 129, 134, 67 P.3d 320, 323 (2003) (leaving the balancing of *Rogers* factors to the discretion of triers of fact).

Second, McCurdy contends that the district court violated his rights to due process and a fair trial by permitting the State to tailor its rebuttal argument to the district court's questions. McCurdy did not object to the district court's questions, so we review for plain error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (reviewing unpreserved claims for plain error); *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (placing the burden on the defendant "to show actual prejudice or a miscarriage of justice"); *see also* NRS 178.602. The record reveals that the district court asked questions during both McCurdy's closing argument and the State's rebuttal argument. We conclude from

this record that McCurdy has failed to demonstrate actual prejudice or a miscarriage of justice.

Third, McCurdy contends that the district court erred by admitting evidence that his wife previously told him that he could never again drive her car. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). The record reveals that McCurdy did not object to his wife's testimony but rather to the State's use of a document to refresh her memory. The district court overruled McCurdy's objection, the document refreshed the witness's recollection, and the document was not admitted into evidence. We conclude that the district court did not plainly err by admitting the testimony, *see Valdez*, 124 Nev. at 1190, 196 P.3d at 477, or abuse its discretion by allowing the State to refresh the witness's memory, *see generally* NRS 50.125; *Libby v. State*, 115 Nev. 45, 53, 975 P.2d 833, 838 (1999) (discussing use of writings to refresh memory).

Fourth, McCurdy contends that the justice court erred by continuing the preliminary hearing because the State failed to show good cause for the delay. We review a justice court's decision to grant a continuance for abuse of discretion. State v. Nelson, 118 Nev. 399, 403, 46 P.3d 1232, 1235 (2002). The record reveals that the State requested a continuance on August 26, 2010, and presented sworn testimony that (1) Officer Embry had been subpoenaed, (2) he was an essential witness

because he conducted the field sobriety test and observed McCurdy behind the wheel of the car, and (3) he responded to the subpoena with a declaration that he was on vacation and unavailable until after August 31, 2010. The justice court considered McCurdy's objection to the continuance but determined that good cause had been shown and granted the continuance. We conclude from this record that the justice court did not abuse its discretion. *See id.* at 404, 46 P.3d at 1235 (discussing the application of the *Hill v. Sheriff*, 85 Nev. 234, 452 P.2d 918 (1969), and *Bustos v. Sheriff*, 87 Nev. 622, 491 P.2d 1279 (1971), rules and good cause).

Having concluded that McCurdy is not entitled to relief, we ORDER the judgment of conviction AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Cherry

cc:    Hon. Kenneth C. Cory, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk