# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN MORAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67881

FILED

JUN 25 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

Appellant Marvin Moran appeals his convictions for burglary, first-degree kidnapping, and first-degree murder, all with a deadly weapon. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. We affirm in part, reverse in part, and remand.

### Kidnapping jury instruction

Moran argues that the jury instruction regarding dual convictions for kidnapping and murder contained an incorrect statement of law, lowering the State's burden of proof. De novo review applies to this issue. *Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008).

The district court instructed the jury, over Moran's objection, that:

> In order for you to find the defendant guilty of both first-degree kidnapping and an associated offense of murder, you must . . . find beyond a reasonable doubt either:
>
> (1) That any movement of the victim was not incidental to the murder;
>
> (2) That any incidental movement of the victim substantially exceeded that required to complete the murder; or

(3) That the victim was physically restrained.

The instruction defined "physically restrained" as "includ[ing] but not limited to tying, binding, or taping."

Dual convictions for kidnapping and murder are appropriate "where the movement or restraint serves to substantially increase the risk of harm to the victim over and above that necessarily present in an associated offense . . . or . . . substantially exceeds that required to complete the associated crime charged . . . or . . . stands alone with independent significance from the underlying charge." *Mendoza v. State*, 122 Nev. 267, 274-75, 130 P.3d 176, 180-81 (2006). Although *Mendoza* specified that the second grounds for dual culpability, where the kidnapping substantially increases the risk of harm beyond the associated crime, did not apply where the associated offense was murder, 122 Nev. at 275 n.19, 130 P.3d at 181 n.19, in a decision later the same year, we seemingly retreated from this statement. Thus, in *Pascua v. State*, the court held that "where the seizure, restraint or movement of the victim substantially exceeds that required to complete the associated crime charged, dual convictions under the kidnapping and murder statutes are proper." 122 Nev. 1001, 1006, 145 P.3d 1031, 1034 (2006) (internal quotation omitted). Contrary to the suggestion in *Mendoza* that the test could never be met where the associated offense is murder, the court in *Pascua* observed that there are situations where the "seizure, movement, or restraint substantially exceeds that required to complete the murder," such as "where the object is murder and the victim is kidnapped for that purpose." 122 Nev. at 1006, 145 P.3d at 1034. Even applying *Pascua*, though, does not salvage this instruction because physical restraint alone is not enough to satisfy dual culpability for kidnapping and murder. *Mendoza*, 122 Nev. at 275, 130 P.3d at 181 ("[W]e retreat somewhat from the statement in [*Hutchins v. State*, 110 Nev. 103, 867 P.2d

1136 (1994)] that physical restraint per se satisfies that requirement."). Accordingly, the kidnapping instruction misstated the law.

An instructional error regarding alternative theories of guilt resulting in a general verdict is reversible unless the error is harmless beyond a reasonable doubt. *Cortinas*, 124 Nev. at 1026-27, 195 P.3d at 324 ("[H]armless-error review applies when a general verdict may rest on a legally valid or a legally invalid alternative theory of liability."). From the evidence that the State presented, reasonable doubt exists as to whether the jury would have convicted Moran after applying the correct instruction, thus it is not clear that the misstatement in the instruction was harmless. We therefore reverse Moran's kidnapping conviction and remand for further proceedings consistent with this order.

*Moran's proposed jury instruction*

Moran next asserts that the district court abused its discretion in denying his proposed jury instruction on inferences. The district court has broad discretion to settle jury instructions, and this court reviews a district court's denial of proposed jury instructions for abuse of discretion. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

The district court did not abuse its discretion in denying Moran's jury instruction. Moran's proposed instruction amounted to another variation of a reasonable doubt instruction, which was provided to the jury without objection. *See Rose v. State*, 123 Nev. 194, 205, 163 P.3d 408, 415 (2007) ("It is not error for a court to refuse an instruction when the law in that instruction is adequately covered by another instruction given to the jury."). Because the essence of Moran's instruction was already included in instruction 22, the district court's refusal to provide Moran's instruction was not an abuse of discretion. *See Crawford*, 121 Nev. at 754-

55, 121 P.3d at 589 (emphasizing that a defendant is not entitled to demand specific wording of an instruction).

*Failing to swear venire before voir dire*

Moran argues that the district court committed structural error when it failed to swear the venire before conducting voir dire and thus he is entitled to a new trial. *See Barral v. State*, 131 Nev. 520, 353 P.3d 1197 (2015). Moran did not object to the error during trial.

In *Jeremias v. State*, we held that "[t]he failure to preserve an error, even an error that has been deemed structural," results in plain error review. 134 Nev., Adv. Op. 8, 412 P.3d 43, 48 (2018). Thus, the defendant must show: "(1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights." *Id.* (quoting *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003)). Moran has not demonstrated that the district court's failure to swear the venire before voir dire affected his substantial rights, thus reversible error does not appear. *Id.*, 412 P.3d at 49 ("Outside of circumstances where a defendant preserves the error at trial and raises it on direct review, a defendant must demonstrate that relief is warranted by pointing to the facts and circumstances of the case presented.").

*The State's motion to continue Moran's trial*

Moran claims that the district court abused its discretion in granting the State's motion to continue his trial because the motion was procedurally defective or, alternatively, that the State did not show good cause and Moran was prejudiced from the continuance. "The decision to grant or deny trial continuances is within the sound discretion of the district

court and will not be disturbed absent a clear abuse of discretion." *Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996).

The motion to continue Moran's trial was not procedurally defective and the State adequately established good cause. The State complied with NRS 174.125 and EDCR 7.30, and filed a motion with the required affidavit. The State also demonstrated facts from which good cause for the continuance could be found. *See State v. Nelson*, 118 Nev. 399, 403, 46 P.3d 1232, 1235 (2002) ("The decision to grant a continuance is a discretionary ruling."). The prosecutor testified the State needed more time to determine the victim's cause of death and test other evidence. Given the potentially exculpatory or incriminating nature of the outstanding evidence, the continuance to allow for the testing was appropriate and not unfairly prejudicial. Therefore, the district court did not abuse its discretion in continuing Moran's trial.

### *Evidence of prior domestic arguments*

Moran next alleges that the district court abused its discretion when admitting evidence of two domestic arguments between Moran and the victim. A district court's decision to admit or exclude evidence of prior bad acts rests within its sound discretion. *Diomampo v. State*, 124 Nev. 414, 429-30, 185 P.3d 1031, 1041 (2008).

A party seeking to introduce bad acts evidence at trial must request a *Petrocelli*[1] hearing outside the presence of the jury and establish that: "(1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear

---

[1]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), *superseded in part by statute as stated in Thomas v. State*, 120 Nev. 37, 44-45, 83 P.3d 818, 823 (2004).

and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Newman v. State*, 129 Nev. 222, 230-31, 298 P.3d 1171, 1178 (2013).

The district court did not abuse its discretion in determining the State satisfied the *Petrocelli* test. The evidence is relevant to identity and Moran's motive and intent for the murder. The State provided clear and convincing evidence of the disputes through eyewitness testimony. And, the probative value of the evidence outweighs its prejudicial effect because the evidence helps to establish malice aforethought, and neither argument was particularly egregious as compared to the details of the murder. Thus, the district court did not abuse its discretion in admitting evidence of Moran's prior domestic disputes with the victim.

*Evidence of Moran's gambling problem*

Moran also appeals the district court's admission of evidence about Moran's gambling problem during his cross-examination, claiming this constituted prior bad act evidence.

Assuming that a gambling problem is a bad act, Moran's gambling problem was not offered for propensity purposes. *See* NRS 48.045(1) (bad act evidence is "[e]vidence of a person's character or a trait of his or her character. . . for the purpose of proving that the person acted in conformity therewith on a particular occasion"). The district court did not abuse its discretion in admitting the evidence because it was relevant and its probative value was not outweighed by any unfair prejudice. *See* NRS 48.015; NRS 48.035.

*Expert testimony*

Moran asserts that the district court abused its discretion in denying his motion to strike the State's expert witness, Zachary Johnson.

Moran claims that the State acted in bad faith by waiting until 11 days before trial to supply Johnson's reports and, alternatively, that the district court abused its discretion in allowing Johnson to testify because the State's delay was prejudicial.

Because Moran did not argue below that the State acted in bad faith, we review for plain error. While the State concedes that it was late in disclosing the information required by NRS 174.234(2)(c) with respect to its expert witness, the district court did not abuse its discretion in allowing Johnson to testify. The record does not indicate that the State's delay was in bad faith, and Moran failed to show any prejudice regarding his substantial rights.

### Prosecutorial misconduct

#### Moran's cross-examination

Moran argues that on two separate occasions during his cross-examination, the prosecution goaded Moran into accusing his children of lying. It is misconduct for a prosecutor to ask a defendant whether other witnesses have lied in prior testimony or to goad a defendant into accusing other witnesses of lying in prior testimony, except where the defendant has directly challenged the truthfulness of those witnesses on direct examination. *Daniel v. State*, 119 Nev. 498, 519, 78 P.3d 890, 904 (2003).

In the first instance, the prosecution asked Moran about a letter in which Moran wrote that "my children also told police things that are not true." The prosecution asked Moran to confirm if he was stating that his children lied to the police. Moran objected to the question. The question is not prosecutorial misconduct because the question does not relate to the truthfulness of the children's testimony, and the defense put the

Supreme Court
OF
Nevada

(0) 1947A

truthfulness of Moran's children and the letter at issue during Moran's direct examination.

In the second instance, Moran claims that the prosecution asked three separate times if Moran's children's statements were a lie. Two of the statements were regarding prior testimony, and one was regarding a phone conversation. Moran did not object to any of the questions, thus we review for plain error. The questions pertaining to the children's prior testimony are prosecutorial misconduct, but do not constitute plain error as Moran did not show prejudice. The question regarding the prior phone conversation is not prosecutorial misconduct because it does not seek to discredit previous testimony.

*Statements discrediting Moran's testimony*

Moran claims that during rebuttal argument, the prosecutor "characterized [Moran's] testimony as a 'story' which 'doesn't make any sense,'" and argued that Moran was being dishonest. Moran did not object, thus we review for plain error.

The statements of which Moran complains are not prosecutorial misconduct as the prosecution may draw inferences in closing arguments from the evidence presented during trial. *Collins v. State*, 87 Nev. 436, 439, 488 P.2d 544, 545 (1971) ("Statements by the prosecutor, in argument, indicative of his [or her] opinion, belief, or knowledge as to the guilt of the accused, when made as a deduction or conclusion from the evidence introduced in the trial, are permissible and unobjectionable." (internal quotation omitted)). Even if the statements did constitute error, Moran has not shown prejudice.

*Statements arguing Moran failed to produce evidence*

Moran next asserts that the prosecution impermissibly commented on his failure to produce evidence corroborating his testimony, shifting the burden of proof. Moran did not object, so we review this comment for plain error.

The prosecution's statements regarding a lack of corroborating evidence for his alibi are not misconduct, as the prosecution was drawing inferences based on the evidence presented at trial to refute Moran's testimony. Such argument is permitted in rebuttal. *See Parker v. State*, 109 Nev. 383, 392, 849 P.2d 1062, 1068 (1993). Thus, no error occurred.

*Vouching for the child witnesses*

Morgan argues that during rebuttal the prosecutor vouched for the testimony of Moran's children. Moran objected, the objection was sustained, and the jury was properly instructed that closing arguments are not evidence. The prosecution repeated the comment after the objection, but Moran did not object.

The prosecution did not vouch for the child witnesses in rebuttal, nor does the statement constitute prosecutorial misconduct, as it was an inference refuting Moran's testimony that the children lied to frame him. *See Rowland v. State*, 118 Nev. 31, 39, 39 P.3d 114, 119 (2002) ("[W]hen a case involves numerous material witnesses and the outcome depends on which witnesses are telling the truth, reasonable latitude should be given to the prosecutor to argue the credibility of the witness.").

*Sufficiency of evidence*

Moran argues the State produced insufficient evidence for all three of his convictions as well as the enhancements for use of a deadly weapon. When reviewing for sufficient evidence on appeal, the question is

"whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Middleton v. State*, 114 Nev. 1089, 1103, 968 P.2d 296, 306 (1998) (internal quotation omitted). It is the jury's job "to assess the weight of the evidence and determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). "Circumstantial evidence alone can certainly sustain a criminal conviction." *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003).

*Burglary*

Burglary is committed when "a person who, by day or night enters any . . . apartment . . . with the intent to commit grand or petit larceny, assault or battery on any person or any felony, or to obtain money or property by false pretenses." NRS 205.060(1). The defendant must formulate the criminal intent prior to entering the dwelling. *See State v. Adams*, 94 Nev. 503, 505, 581 P.2d 868, 869 (1978).

There is sufficient evidence for Moran's burglary conviction. The evidence presented indicates that the victim was attacked inside her home, likely immediately upon entry; that Moran took a key to the victim's apartment from his daughter's closet; that there were no signs of forced entry; that Moran left his house around the time of the murder; and that Moran had previously threatened the victim's life. Taken together in a light most favorable to the prosecution, a rational jury could have found beyond a reasonable doubt that Moran committed burglary by entering the victim's apartment with the intent to kill her.

*Kidnapping*

When an evidentiary error occurs, the appropriate remedy is to remand for a new trial, provided sufficient evidence supports the verdict.

Supreme Court
OF
Nevada

(O) 1947A

*See Stephans v. State*, 127 Nev. 712, 721, 262 P.3d 727, 734 (2011) (the Double Jeopardy Clause mandates acquittal where a conviction is reversed and there is insufficient evidence to support the verdict). We conclude that the State presented sufficient evidence for a dual conviction of kidnapping and murder. If properly instructed, a rational trier of fact could have found beyond a reasonable doubt that Moran's restraint of the victim exceeded what was required for her murder.

*First-degree murder*

First-degree murder is "the unlawful killing of a human being . . . [w]ith malice aforethought," when the defendant perpetrated the murder through "deliberate and premeditated killing," or committed the murder during a kidnapping or burglary. NRS 200.010; NRS 200.030(1)(a)-(b).

There was sufficient evidence to convict Moran of first-degree murder. The evidence presented showed that Moran had previously threatened the victim's life, had left his residence on the morning of the murder without a confirmed alibi, had called 911 about the victim's body, that the 911 caller used the same incorrect apartment number for the victim's apartment as Moran, and that the victim was beaten until she was deceased. Taken together in the light most favorable to the prosecution, a rational jury could find beyond a reasonable doubt that Moran killed the victim with premeditation or, as discussed above, during a kidnapping or burglary.

*Deadly Weapon*

Moran claims that the State failed to provide sufficient evidence that he committed the burglary, kidnapping, and murder with a deadly weapon because the investigating officers' "presumptions" were the only

evidence provided. A deadly weapon includes "[a]ny weapon, device, instrument, material or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing substantial bodily harm or death." NRS 193.165(6)(b).

There was sufficient evidence for the jury to find that Moran used a deadly weapon when he committed the crimes. The State provided testimony from the coroner who testified that "knives or sharp objects" or "an object being banged into the head" likely caused some of the wounds Iris suffered, and an investigating detective testified that a deadly weapon likely caused Iris's injuries. Thus, the State presented enough evidence to find Moran was in possession of, and used, a deadly weapon when committing the burglary, kidnapping, and murder. *McNair*, 108 Nev. at 56, 825 P.2d at 573 ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses.").

*Cumulative error*

Individually harmless errors may be cumulatively harmful and warrant reversal. *Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008). Here, Moran has established that the kidnapping jury instruction was a misstatement of law, and raises three plain errors which do not require reversal: that the district court failed to swear the venire, that the State did not timely disclose expert reports, and the prosecutorial misconduct which occurred during the State's cross-examination of Moran and its closing argument. We have previously rejected claims of cumulative error when the defendant has failed to explain "whether, or how, this court should cumulate errors he forfeited with errors he preserved." *Jeremias*, 134 Nev., Adv. Op. 8, 412 P.3d at 55 (citing *United State v. Barrett*, 496 F.3d 1079, 1121 n.20 (10th Cir. 2007), and noting a split in authority over

incorporating plain errors, which alone do not necessitate reversal, into cumulative error analysis).

Moran's claim for cumulative error is unpersuasive. The instructional error affected only Moran's kidnapping conviction, which we reverse. The remaining plain errors do not constitute reversible error. Of note, the issue of guilt was not close and the crimes charged were grave. *Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (when assessing cumulative error claims, this court considers, "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged" (internal quotation omitted)).

We therefore ORDER the judgment of conviction AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.


_____, C.J.
Douglas


_____, J.          _____, J.
Cherry                                Gibbons


_____, J.          _____, J.
Pickering                             Hardesty


_____, J.          _____, J.
Parraguirre                           Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas Smith, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A